**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY LEE BELL,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>J. SOTO, Warden,<br><br>　　　　　Respondent.<br><br>AND<br><br>NATALIE DEMOLA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DEBORAH K. JOHNSON, Warden,<br><br>　　　　　Respondent. | No. ED CV 08-1913 JLS (SS) &<br>No. ED CV 10-0014 JLS (SS)[1]<br><br>**ORDER ACCEPTING FINDINGS,**<br><br>**CONCLUSIONS AND**<br><br>**RECOMMENDATIONS OF UNITED**<br><br>**STATES MAGISTRATE JUDGE** |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petitions filed respectively by Petitioners Bell and DeMola, all the records and files herein, the Report and Recommendation of

---

[1] Terry Lee Bell was tried jointly with co-defendant Natalie DeMola. Accordingly, on August 8, 2011, the Court consolidated their respective habeas actions in the interests of judicial economy. (Dkt. No. 32).

the United States Magistrate Judge, and Petitioner DeMola's Objections ("Objections").² After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court herein addresses certain arguments raised in DeMola's Objections.

DeMola objects to the Report and Recommendation's resolution of Ground One of her Petition, arguing her rights under Miranda v. Arizona, 384 U.S. 436 (1966), were violated when statements she made were admitted into evidence against her. (Objections at 1-4). In particular, DeMola argues that the California Court of Appeal unreasonably failed to examine all the circumstances surrounding her questioning at the scene of a car accident following the attack on her mother. (Id.). DeMola asserts that "[a]ny reasonable person, especially a 16-year old minor, in DeMola's circumstances would feel deprived of her freedom of movement[,]" and the California Court of Appeal unreasonably applied Miranda in rejecting Ground One.³ (Id. at 2).

---

² The time for filing Objections to the Report and Recommendation has passed and no Objections have been received from Petitioner Bell.

³ DeMola's Objections also for the first time assert that the California Court of Appeal unreasonably determined the facts underlying her Miranda claim. (See Objections at 1-4). However, DeMola does not identify any allegedly erroneous factual determination the state court made. (Id.); see also Greenway v. Schriro, 653 F.3d 790, 804 (9th Cir. 2011) (A "cursory and vague claim cannot support habeas relief."); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). Rather, the gravamen of her argument is that the

2

1    However, "'an unreasonable application of federal law is
2 different from an incorrect application of federal law.'"
3 Harrington v. Richter, 131 S. Ct. 770, 785 (2011) (citation and
4 italics omitted); Cullen v. Pinholster, 131 S. Ct. 1388, 1411
5 (2011).  Thus, "'a federal habeas court may not issue the writ
6 simply because that court concludes in its independent judgment
7 that the relevant state-court decision applied clearly
8 established federal law erroneously or incorrectly.'"  Renico v.
9 Lett, 559 U.S. 766, 773 (2010) (citation omitted); see also
10 Richter, 131 S. Ct. at 786 ("It bears repeating that even a
11 strong case for relief does not mean the state court's contrary
12 conclusion was unreasonable.").  Rather, the state court decision
13 "must be 'objectively unreasonable.'"  Lett, 559 U.S. at 773;
14 Waddington v. Sarausad, 555 U.S. 179, 190 (2009).  That is, "a
15 state prisoner must show that the state court's ruling on the
16 claim being presented in federal court was so lacking in
17 justification that there was an error well understood and
18 comprehended in existing law beyond any possibility for
19 fairminded disagreement."  Richter, 131 S. Ct. at 786-87; Dyer v.
20 Hornbeck, 706 F.3d 1134, 1139 (9th Cir. 2013).  In other words, a
21 "state court's determination that a claim lacks merit precludes
22 federal habeas relief so long as 'fairminded jurists could
23 disagree' on the correctness of the state court's decision."
24 Richter, 131 S. Ct at 786 (quoting Yarborough v. Alvarado, 541
25 U.S. 652, 664 (2004)).  Moreover, "the range of reasonable

---

California Court of Appeal unreasonably applied Miranda in determining that, under the totality of the circumstances, she was not in custody when questioned following the car accident. (Id.).

3

1  judgment can depend in part on the nature of the relevant rule."
2  Alvarado, 541 U.S. at 664. "'The custody test is general,' and
3  '[t]he more general the rule, the more leeway courts have in
4  reaching outcomes in case-by-case determinations.'" Stanley v.
5  Schriro, 598 F.3d 612, 619 (9th Cir. 2010) (quoting Alvarado, 541
6  U.S. at 664-65).

8      Here, as the Report and Recommendation explained in depth,
9  (see Report and Recommendation at 35-50), DeMola is not entitled
10 to habeas corpus relief because the California Court of Appeal
11 "delineated and weighed factors comparable to those the Supreme
12 Court has considered" and "reasonably applied federal law in
13 determining that [DeMola] was not in custody" when questioned
14 after the car accident. Stanley, 598 F.3d at 619; see also
15 Alvarado, 541 U.S. at 664-66 (state court reasonably applied
16 clearly established federal law since "fairminded jurists could
17 disagree over whether Alvarado was in custody" in that "certain
18 facts weigh[ed] against a finding that Alvarado was in custody"
19 while "[o]ther facts point in the opposite direction").

21     DeMola also asserts that the Court should grant relief or
22 order an evidentiary hearing on Ground Six, which alleges that a
23 juror committed misconduct by conducting an out-of-court
24 experiment and presenting the results to the rest of the jury.
25 (Objections at 4-5). DeMola contends that in rejecting this
26 claim, the California Court of Appeal overlooked the fact that
27 the trial court never reached the merits of the problem to
28 determine whether misconduct occurred. (Id.). However, as the

4

Report and Recommendation explained, the trial court held a hearing to investigate whether any misconduct occurred and concluded that the jury was not improperly exposed to extrinsic evidence. (See Report and Recommendation at 66-79). The trial court also reconsidered this issue in a new trial motion and again rejected the claim. (Id.). Given these facts and circumstances, the California Court of Appeal's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law, and it was not based on an unreasonable determination of the facts.

Accordingly, **IT IS ORDERED** that the Petitions are denied and Judgment shall be entered dismissing these actions with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioners and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 20, 2015

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE